IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>       Plaintiff,<br><br>   v.<br><br>WEST VALLEY STAFFING GROUP, et al.,<br><br>       Defendants. | Case No. 16-cv-07234-MMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND CONTINUING CASE MANAGEMENT CONFERENCE; DIRECTIONS TO PLAINTIFF**<br><br>Re: Dkt. No. 3 |

    Before the Court is plaintiff William J. Whitsitt's complaint and application to proceed in forma pauperis.

    The filing fee to commence a civil action is $400. A district court, however, may authorize a plaintiff to commence a civil action without payment of the filing fee, if the plaintiff demonstrates that he is "unable to pay such fee[] or give security therefor." See 28 U.S.C. § 1915(a)(1).

    In his application to proceed in forma pauperis, plaintiff states he is not presently employed and has not received any money in the past twelve months from a business, profession, self-employment, stock, bond, royalty, rent payment, pension, annuity, life insurance policy, or any government source. (See Application ¶¶ 1-2.) Plaintiff also states that he has no cash, owns no assets, and only has one bank account, at an unnamed bank, with a present balance of $10.78. (See id. ¶¶ 5-7.) Plaintiff nevertheless states that his monthly expenses total $675 and he lists no outstanding debts (see id. ¶¶ 8-9), which statements appear to be inconsistent with his statements that he has no income or assets.

    In light of the above-referenced inconsistencies in plaintiff's application, the

application is hereby DENIED.

If plaintiff wishes to proceed with the instant action, plaintiff must, no later than February 24, 2017, pay the filing fee to the Clerk of the Court or file a new application to proceed in forma pauperis that clarifies each of the above-referenced inconsistencies. If, by February 24, 2017, plaintiff has not paid the filing fee or submitted a sufficient application to proceed in forma pauperis, the Court will dismiss plaintiff's complaint without prejudice.

Further, the complaint filed December 19, 2016, is, in its present form, procedurally deficient in a number of respects. First, the complaint is missing the seventh page, on which plaintiff apparently sets forth the basis of one of his claims. Second, the complaint is essentially single-spaced, such that the text appears on more than 28 lines per page. See Civil L.R. 3-4(c)(2) (providing text of any paper presented for filing "must be double-spaced with no more than 28 lines per page, except for . . . footnotes and [block] quotations"). Third, portions of the opposition appear to be written in a font that is smaller than 12-point type. See id. (providing text of any paper presented for filing, including "text of footnotes and quotations" may not be less than "12-point in the Courier font or equivalent"). Accordingly, if plaintiff wishes to proceed with the instant action, plaintiff is hereby DIRECTED to file, no later than February 24, 2017, a corrected version of his complaint.

Lastly, in light of the above, the Initial Case Management Conference previously scheduled for February 17, 2017, is hereby CONTINUED to May 26, 2017. A Joint Case Management Statement shall be filed no later than May 19, 2016.

**IT IS SO ORDERED.**

Dated: February 7, 2016

MAXINE M. CHESNEY
United States District Judge

2